# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TYREE DAVIS, | : | Civil No. 3:12-CV-1935 |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SUPERINTENDENT, SCI HUNTINGDON, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case began its life as a putative *pro se* inmate class action lawsuit in which several inmates, including the plaintiff Tyree Davis, purported to act as class representatives for their fellow prisoners. On September 27, 2012, the district court declined the plaintiff's invitation to certify this case as a class action, finding in accordance with settled case law that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir.2005)." Alexander v. New Jersey State Parole Bd,. 160 F.App'x 249, 250 (3d Cir. 2005). Instead, the district

court instructed each named inmate plaintiff in this putative class action to file an individual *pro se* complaint in his own name, (Doc. 1), and referred any screening assessment of the legal merits of these amended complaints to the undersigned. (Doc. 8.)

A document was then filed on Davis' behalf, which purported to be his amended complaint lodged in compliance with the court's September 27, 2012 order. (Doc. 6.) This complaint, however, was flawed in precisely the same ways that led to district court to refuse originally to certify this case as an inmate *pro se* class action. That prior denial of class action status was premised, in large measure, on the commonsense and well-established legal proposition that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Bd,. 160 F.App'x 249, 250 (3d Cir. 2005). Despite being advised of this settled legal tenet, the document which purported to be Tyree Davis' *pro se* amended complaint was neither written, nor signed, by Davis. Instead, the author of this document, the sole signatory on the complaint, and the architect of this litigation, identified himself as Mark Anthony Robinson, a fellow inmate who describes himself as the "lead plaintiff," even though he is not a named party to this lawsuit. Upon a supplemental screening review of this document, we recommended that Tyree Davis be denied further leave to proceed *in forma pauperis* at present, and that the amended

complaint be dismissed without prejudice, but with instructions that Davis must submit a signed complaint on his own behalf and in his own name if he wished to pursue a claim in federal court. (Doc. 15.) On September 13, 2013, the district court adopted this report and recommendation, dismissed Davis' complaint without prejudice, and instructed Davis to file an amended complaint within 20 days.

This deadline has now passed without action on Davis' part to comply with this court order. In these circumstances, it is recommended that this case be dismissed with prejudice.

**II.      Discussion**

In this case Davis has been given an opportunity to further amend this complaint, but has now forfeited this opportunity through his inaction. In this situation, where a *pro se* plaintiff fails to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's failure to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff fails to comply with instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court . . . allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

In sum, in this case where Davis has failed to comply with court orders, and now has failed to amend this deficient complaint despite being ordered to file an amended complaint, it is now recommended that this complaint be dismissed for failure to prosecute without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written

objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge